IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ABITIBIBOWATER INC., *et al.*,[1] | ) Case No. 09-11296 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Ref. Docket No. 208** |

## INTERIM ORDER MODIFYING REPORTING REQUIREMENTS OF BANKRUPTCY RULE 2015.3(a) PURSUANT TO BANKRUPTCY RULE 2015.3(d) FOR CERTAIN ENTITIES

Upon the Motion[2] of AbitibiBowater Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), requesting entry of an order modifying the reporting requirements of Bankruptcy Rule 2015.3(a) for certain entities in which the Debtors hold a controlling interest that are not Debtors in these Chapter 11 Cases or publicly traded corporations, for cause pursuant to Bankruptcy Rule 2015.3(d), 9006(b) and Local Bankruptcy Rule 9006-

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal or Canadian tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (6050), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (3225), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (0999), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (8810), Bowater Canadian Forest Products Inc. (2010), Bowater Canadian Holdings Incorporated (6828), Bowater Canadian Limited (7373), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (5722), Bowater Maritimes Inc. (5684), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0186), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

2; and upon consideration of the *Declaration of William G. Harvey in Support of Chapter 11 Petitions and Various First Day Applications and Motions*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED on an interim basis.

2. Subject to the entry of a final order on the Motion, the Debtors shall not be required to file a Rule 2015.3 Report for any of the Non-Filing Entities.

3. The deadline for the Office of the United States Trustee (the "US Trustee") to object to the Motion shall be extended until the date that is five (5) business days prior to the date of a final hearing on the Motion.

4. The rights of the US Trustee to object to any part of the Motion are hereby reserved.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 4, 2009
Wilmington, Delaware

_____
KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE