IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ABITIBIBOWATER INC., *et al.*,[1] | ) Case No. 09-11296 (KJC) |
| Debtors. | ) Jointly Administered |
| | ) Ref. Docket Nos. 137 and 830 |

## ORDER APPROVING THE RETENTION AND EMPLOYMENT OF BLACKSTONE ADVISORY SERVICES L.P. AS FINANCIAL ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of AbitibiBowater Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), requesting entry of an order pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the retention and employment of Blackstone Advisory Services L.P. ("Blackstone") as the Debtors' financial advisor effective *nunc pro tunc* to the Petition Date; and upon consideration of (a) the Zelin Affidavit and (b) the Harvey Declaration; and it appearing that good and sufficient notice having been given and no other or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal or Canadian tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (6050), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (3225), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (0999), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (8810), Bowater Canadian Forest Products Inc. (2010), Bowater Canadian Holdings Incorporated (6828), Bowater Canadian Limited (7373), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (5722), Bowater Maritimes Inc. (5684), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0186), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

further notice need be given; and this Court finding further that Blackstone does not hold or represent any interest adverse to the Debtors or their estates in the matters on which it is to be retained, that Blackstone is a "disinterested" person as that term is defined in section 101(14) the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that Blackstone's retention and employment is necessary and is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is GRANTED.

2. Pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized to employ and retain Blackstone as their financial advisors pursuant to the terms set forth in the Application and the Engagement Agreement, as amended and attached hereto as Exhibit A (the "Engagement Agreement"), and as set forth on the record at the hearing held on July 1, 2009, effective *nunc pro tunc* to the Petition Date and Blackstone's compensation shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code; provided, however, that the United States Trustee shall have the right to object to Blackstone's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.

3. Blackstone shall be entitled to allowance of compensation and reimbursement of expenses in accordance with the terms of the Engagement Agreement, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct.

4. The Indemnification Agreement that forms part of the Engagement Agreement is approved, but only subject to the following modifications:

(a) Blackstone shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than those described in the Engagement Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court;

(b) The Debtors shall have no obligation to indemnify Blackstone, or provide contribution or reimbursement to Blackstone, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Blackstone's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Blackstone's contractual obligations unless the court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Blackstone should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (the order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Blackstone believes that it is entitled to the payment of any

amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Blackstone must file an application therefor in this Court, and the Debtors may not pay any such amounts to Blackstone before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Blackstone for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Blackstone. All parties-in-interest shall retain the right to object to any demand by Blackstone for indemnification, contribution or reimbursement.

(d) Any limitation on liability or any amounts to be contributed by the parties to the Engagement Agreement under the terms of the Engagement Agreement shall be eliminated.

5. No funds to satisfy the fees and/or expense of Blackstone shall be allocated to, or paid by, the CCAA Debtors (whether directly or indirectly, including through an intercompany transfer from any CCAA Debtor to another entity for the purpose of making such payment); provided, however, that the CCAA Debtors and the Chapter 11 Debtors shall be permitted to continue ordinary course transactions between and among them consistent with past practices and in accordance with any orders approved by the Canadian Court in the CCAA

Debtors' cases; provided, further, however, that Blackstone's fees shall not be considered a shared expense of the CCAA Debtors.

6. No funds to satisfy the fees and/or expenses of BMO Nesbitt Burns Inc. ("BMO") shall be allocated to, or paid by, the Chapter 11 Debtors (whether directly or indirectly, including through an intercompany transfer from any Chapter 11 Debtor to another entity for the purpose of making such payment); provided, however, that the Chapter 11 Debtors and the CCAA Debtors shall be permitted to continue ordinary course transactions between and among them consistent with past practices and in accordance with the cash management order approved by this Court (the "Cash Management Order"); provided, further, however, that BMO's fees shall not be considered a shared expense as provided in the Cash Management Order.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: Wilmington, Delaware
August __, 2009

_____
HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE