IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABITIBIBOWATER INC., *et al.*,[1] | ) | Case No. 09-11296 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Ref. Docket No. 886 and 941** |

## ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Motion[2] of the above-captioned Debtors pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) for entry of an order: (A) establishing deadlines for filing Proofs of Claim against the Debtors in these Chapter 11 Cases; and (B) approving the form and manner of notice thereof; and the Court finding that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and (iii) notice of the Motion was due and proper under the circumstances and in accordance with Local Rule 2002-1(e); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal or Canadian tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (6050), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (3225), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (0999), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (8810), Bowater Canadian Forest Products Inc. (2010), Bowater Canadian Holdings Incorporated (6828), Bowater Canadian Limited (7373), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (5722), Bowater Maritimes Inc. (5684), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0186), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5910). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada.

after due deliberation, and good and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The relief requested in the Motion is granted.

2. Except as otherwise provided herein, any person or entity (including any governmental unit) asserting a claim against a Debtor in these Chapter 11 Cases shall file a Proof of Claim so that it is actually received by Epiq Bankruptcy Solutions, LLC ("Epiq") on or before the Bar Date of **November 13, 2009 at 4:00 p.m. (prevailing Eastern Time)**; provided, however, that any person or entity asserting a claim against a Cross-Border Debtor in these cases may file a timely Proof of Claim pursuant to the procedures established in the Canadian Order so that it is actually received by the Monitor[3] on or before the Bar Date. Proofs of Claim timely filed against any Cross-Border Debtor(s) with the Monitor shall be deemed timely-filed claims against the applicable Cross-Border Debtor(s) in the Chapter 11 Cases.

3. Any Proofs of Claim filed with Epiq against a Cross-Border Debtor shall be transferred to the Monitor for compilation and inclusion on the CCAA claims registry.

4. If, on or after the U.S. Service Date or the Canadian Service Date, as applicable, the Debtors amend or supplement their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received by Epiq on or before the later of (x) the Bar Date or (y) twenty (20) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

5. Except as otherwise provided herein, any person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted; provided, however, such each such Proof of Claim shall only be deemed timely submitted if they are actually received by Epiq, or the Monitor with respect to any Proof of Claim against a Cross-Border Debtor, on or before the Bar Date.

6. Except as otherwise provided herein, the filing of a Proof of Claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Bankruptcy Code § 503(b)(9); provided, however, such 503(b)(9) Claims shall only be deemed timely submitted if they are actually filed with the Court or actually received by Epiq on or before the Bar Date.

7. Any person or entity (including any governmental unit) asserting a Rejection Damages Claim shall file a Proof of Claim on account of such claim so that it is actually received by Epiq on or before the later of (i) the Bar Date and (ii) thirty (30) days after the effective date of the Court order authorizing such rejection (the "Rejection Bar Date" and, together with the Bar Date, the "Bar Dates"), unless otherwise provided in such order.

8. Proofs of Claim sent to Epiq via first-class mail shall be addressed to: AbitibiBowater Inc. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5269, New York, NY 10150-5269; whereas Proofs of Claim sent to Epiq by hand delivery or overnight mail shall be delivered to: AbitibiBowater Inc. Claims Processing

---

[3] Nothing in this Order or the Canadian Order shall prejudice the right of the Monitor to perform all of its responsibilities and obligations as required in the Canadian Proceeding.

Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017.

9.  Proofs of Claim filed against Cross-Border Debtors shall be sent to the Monitor pursuant to the procedures established in the Canadian Order.

10. Proofs of Claim mailed or delivered to Epiq will be deemed timely filed only if <u>actually received</u> by Epiq on or before the bar date associated with such claim at one of the applicable addresses listed above.

11. Epiq shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission.

12. The following persons or entities are not required to file Proofs of Claim:

   a.  any person or entity that has already properly filed (i) a Proof of Claim against the applicable Debtor(s) with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware, and/or (ii) with respect to any Cross-Border Debtor, properly filed a claim form against the Applicable Cross-Border Debtor with the Monitor;

   b.  any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, <u>and</u> (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is scheduled) as set forth in the Schedules;

   c.  professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

   d.  any person or entity that holds or asserts a claim against the Debtors pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; <u>provided, however</u>, that any person or entity asserting a 503(b)(9) Claim against the Debtors must submit such 503(b)(9) Claim on or before the Bar Date;

   e.  current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtors;

f.  any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the US Prepetition Credit Agreement (such claims the "US Bank Claims"); provided, however, that any US Prepetition Lender that wishes to assert a claim against a Debtor other than a US Bank Claim shall be required to file a Proof of Claim on account of such claim on or before the Bar Date, unless another exception in this paragraph applies;

g.  any entity whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the Canadian Prepetition Credit Agreement (such claims, the "Canadian Bank Claims"); provided, however, that any Canadian Prepetition Lender that wishes to assert a claim against a Debtor other than a Canadian Bank Claim shall be required to file a Proof of Claim on account of such claim on or before the Bar Date, unless another exception in this paragraph applies;

h.  any entity whose claim is limited exclusively to a claim for payment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under the ACCC Term Loan (such claims the "ACCC Term Loan Claims"); provided, however, that any ACCC Term Lender that wishes to assert a claim against a Debtor other than an ACCC Term Loan Claim shall be required to file a Proof of Claim on account of such claim on or before the Bar Date, unless another exception in this paragraph applies;

i.  any entity whose claim is limited exclusively to a claim for payment by the applicable Debtor(s) of principal, interest, and other applicable fees and charges on or under any notes or bonds identified in Exhibit 1 attached hereto (collectively the "Notes" and such claims (including, for the avoidance of doubt, any claim arising under any guaranty of any Note), the "Note Claims"); provided, however, that (i) the indenture trustee under each series of Notes shall be required to file Proofs of Claim on account of Note Claims on or under the Notes and/or the Note Indentures on or before the Bar Date; and (ii) any holder of a Note Claim that wishes to assert a claim against a Debtor other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the Bar Date, unless another exception in this paragraph applies;

j.  any Debtor asserting a claim against another Debtor;

k.  any person or entity whose claim has already been paid by a Debtor or a CCAA Debtor;

l.  any wholly-owned non-debtor subsidiary of a Debtor or a CCAA Debtor asserting a claim against a Debtor;

m. any person or entity whose claim against the Debtors has been allowed by an order of the Court or the Canadian Court, entered on or before the Bar Date; and

n. any person who was an employee of any Debtor or CCAA Debtor as of the Petition Date.

13. Any holder of an Interest need not file a proof of interest on or before the Bar Date; provided, however, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of an Interest, must file Proofs of Claim on or before the Bar Date, unless another of the exceptions enumerated above applies.

14. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to do so by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any chapter 11 plan proposed and/or confirmed in these cases.

15. The Proof of Claim form, substantially in the form attached to the Motion as Exhibit B, is hereby approved in all respects.

16. The Bar Date Notice, substantially in the form attached to the Motion as Exhibit C, is hereby approved in all respects.

17. The Publication Notice, substantially in the form attached to the Motion as Exhibit D, is hereby approved in all respects, and publication of the Publication Notice within twenty (20) days from the date of entry of the Canadian Order, (i) in English and French, in the Montreal Gazette and the Globe and Mail (National Edition), (ii) in English, in the Wall Street

Journal and USA Today, and (iii) in French, in La Presse and La Quotidien, shall be deemed good, adequate, and sufficient notice of the Bar Date by publication.

18. The Joint Instruction Notice, substantially in the form attached to the Motion as Exhibit E, is hereby approved in all respects.

19. The Bar Date Notice and the Joint Instruction Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being served (i) on US-Only Claimants via first-class U.S. mail no later than five (5) business days after entry of this Order and (ii) on Canadian Claimants via Canadian Prepaid Mail no later than twenty (20) days after entry of the Canadian Order, but in no event later than sixty (60) days prior to the Bar Date.

20. The notice provided by this Order to foreign creditors is sufficient under section 1514 of the Bankruptcy Code Bankruptcy Rule 2002(p).

21. Any Proof of Claim denominated in Canadian dollars shall, for the purposes of this Order, be converted to and shall constitute obligations in U.S. dollars, such calculation to be effected using the Bank of Canada's noon spot rate as of the Petition Date (U.S. dollar claims are to be converted at the rate of CDN$1 = US$0.8290).

22. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

23. The Debtors are hereby authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

24. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: September 3, 2009
Wilmington, Delaware

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge