# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABITIBIBOWATER INC., et al.,[1] | ) | Case No. 09-11296 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ABH LLC 2, | ) | Case No. 09-14486 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Hearing Date: February 24, 2010 at 2:30 p.m. (ET) |
| | ) | Objection Deadline: February 8, 2010 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ORDER DISMISSING THE CHAPTER 11 CASE OF ABH LLC 2 PURSUANT TO BANKRUPTCY CODE SECTION 1112(b)

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order dismissing the chapter 11 case of ABH LLC 2 ("LLC2"), Case No. 09-14486, pursuant to section 1112(b) of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (N/A), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (N/A), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (9050), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (N/A), Bowater Canadian Forest Products Inc. (N/A), Bowater Canadian Holdings Incorporated (N/A), Bowater Canadian Limited (N/A), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (N/A), Bowater Maritimes Inc. (N/A), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0168), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913). On December 21, 2009, ABH LLC 1 (2280) and ABH Holding Company LLC (2398) (the "SPV Debtors") commenced chapter 11 cases, which cases are jointly administered with the above-captioned Debtors. The Debtors' and SPV Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada.

title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 1112(b) of the Bankruptcy Code.

## GENERAL BACKGROUND

3. AbitibiBowater Inc. ("AbitibiBowater" and with its subsidiaries and affiliates, the "Company") is incorporated in Delaware and headquartered in Montreal, Quebec. The Company is the world's largest producer of newsprint by capacity and one of the largest publicly traded pulp and paper manufacturers worldwide. It produces an extensive range of commercial printing papers, market pulp and wood products, serving customers in over 90 countries. The Company is also among the world's largest recyclers of newspapers and magazines, and has third-party certified 100% of its managed woodlands to sustainable forest management standards. As of December 31, 2008, it owned or operated 24 pulp and paper facilities and 30 wood products facilities located in the United States, Canada, the United Kingdom and South Korea, as well as recycling and power generation facilities. Employing around 15,900 people, the Company realized sales of approximately $6.8 billion[2] in 2008. Its total assets were $8.1 billion as of December 31, 2008.

---

[2] All monetary figures are presented in U.S. dollars unless specifically noted otherwise.

4. The Company's financial performance depends primarily on the market demand for its products and the prices at which they can be sold. These products are globally traded commodities, and as such, the balance between supply and demand drives their pricing and shipment levels. Supply and demand, in turn, are affected by global economic conditions, changes in consumption and capacity, the level of customer and producer inventories and fluctuations in currency exchange rates. The recent downturn in the global economy has resulted in an unprecedented decline in demand for newsprint, the Company's primary product. In addition, substantial price competition and volatility in the pulp and paper industry, along with negative trends in advertising, electronic data transmission and storage and continued expansion of the Internet, have exacerbated downward pressure on revenue. At the same time, the global credit markets suffered a significant contraction, including the failure of some large financial institutions, which has resulted in a severe decline in the credit markets and overall availability of credit. These market disruptions, as well as the Company's high debt levels and the overall weakness in consumer demand, have adversely impacted the Company's financial performance and have necessitated the commencement of these Chapter 11 Cases and coordinated Canadian filings.

5. On April 16, 2009 (the "Petition Date"), each of the Debtors with the exception of LLC 2, ABH Holding Company LLC ("ABH Holding"), and ABH LLC 1 ("LLC1," and together with LLC2 and ABH Holding, the "New Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). On April 17, 2009, certain of the Debtors (the "Canadian Debtors")[3] and non-debtor subsidiaries of

---

[3] The Canadian Debtors are: Bowater Canada Finance Corporation, Bowater Canadian Holdings Incorporated, AbitibiBowater Canada Inc., Bowater Canadian Forest Products Inc., Bowater Maritimes Inc., Bowater LaHave Corporation and Bowater Canadian Limited.

AbitibiBowater (the "CCAA Debtors")[4] applied for protection from their creditors under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), in the Superior Court, Commercial Division, for the Judicial District of Montreal, Canada (the "Canadian Court" and the filing, the "Canadian Proceeding"). Two of the CCAA Debtors -- Abitibi-Consolidated Inc. ("ACI") and Abitibi-Consolidated Company of Canada ("ACCC") (together, the "Chapter 15 Debtors") -- thereafter filed petitions for recognition under chapter 15 of the Bankruptcy Code (the "Chapter 15 Cases") in this Court seeking emergency provisional relief in support of the Canadian Proceeding. AbitibiBowater and certain of the Debtors also filed for ancillary relief in Canada seeking provisional relief in support of the Chapter 11 Cases in Canada under the Canadian equivalent of chapter 15, section 18.6 of the CCAA.[5]

6. On April 28, 2009, the Office of the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors (the "Committee") in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

---

[4] The CCAA Debtors are: Bowater Mitis Inc., Bowater Guerette Inc., Bowater Couturier Inc., Alliance Forest Products (2001) Inc., Bowater Belledune Sawmill Inc., St. Maurice River Drive Company, Bowater Treated Wood Inc., Canexel Hardboard Inc., 9068-9050 Quebec Inc., Bowater Canada Treasury Corporation, Bowater Canada Finance Limited Partnership, Bowater Shelburne Corporation, 3231078 Nova Scotia Company, Bowater Pulp and Paper Canada Holdings Limited Partnership, Abitibi-Consolidated Inc., Abitibi-Consolidated Company of Canada, Abitibi-Consolidated Nova Scotia Incorporated, 32117925 Nova Scotia Company, Terra-Nova Explorations Ltd., The Jonquiere Pulp Company, The International Bridge and Terminal Company, Scramble Mining Limited, 9150-3383 Quebec Inc., Star Lake Hydro Partnership, Saguenay Forest Products Inc., 3224112 Nova Scotia Limited, La Tuque Forest Products Inc., Marketing Donohue Inc., Abitibi-Consolidated Canadian Office Products Holdings Inc., 3834328 Canada Inc., 6169678 Canada Incorporated, 4042410 Canada Inc., Donohue Recycling and 1508756 Ontario Inc.

[5] The Debtors who obtained section 18.6 relief are: AbitibiBowater Inc., AbitibiBowater US Holding 1 Corp., Bowater Ventures Inc., Bowater Incorporated, Bowater Nuway Inc., Bowater Nuway-Midstates, Inc., Catawba Property Holdings LLC, Bowater Finance Company Inc., Bowater South American Holdings Incorporated, Bowater America Inc., Lake Superior Forest Products Inc., Bowater Newsprint South LLC, Bowater Newsprint South Operations LLC, Bowater Finance II, LLC, Bowater Alabama LLC and Coosa Pines Golf Club Holdings LLC.

7. On December 21, 2009, the New Debtors—all affiliates of the Debtors—filed voluntary petitions under chapter 11 of the Bankruptcy Code (each a "New Petition," and together the "New Petitions").[6] LLC1, ABH Holding and the Debtors have filed a motion seeking entry of an order directing the supplemental joint administration of LLC1 and ABH Holding with the administration of the remaining Debtors' cases [Docket No. 1480], scheduled to be heard at the January 19, 2010 omnibus hearing.

8. LLC2 was a special purpose limited liability company formed in connection with, and pursuant to, this Court's order (the "Note Repayment Order") [Docket No. 1367] authorizing the relief sought in the *Debtors' Motion for an Order Pursuant to Sections 105(a), 363(b) and 365 of the Bankruptcy Code Authorizing the Debtors to Implement Certain Repayment Transactions* (the "Note Repayment Motion") [Docket No. 1249].

9. In the Note Repayment Motion, the Debtors outlined a series of transactions deemed necessary to effectuate the repayment of certain intercompany debt to address a potential $55.25 million Canadian withholding tax liability that could otherwise become payable on or before January 15, 2010 (the "Repayment Steps"). Pursuant to the Repayment Steps, LLC2, a wholly owned subsidiary of AbitibiBowater Inc., merged with AbitibiBowater US Holding LLC ("ABH LLC"), with ABH LLC being the surviving entity of that merger (the "Merger"). A copy of the Certificate of Merger filed with the Delaware Secretary of State evidencing consummation of the Merger is attached hereto as Exhibit B. Accordingly, LLC2 no longer exists as a separate legal entity.

---

[6] ABH Holding Company LLC, Case No. 09-14487 and ABH LLC 1, Case No. 09-14485.

DB02:9167011.1

068104.1001

10. Pursuant to paragraph 3 of the Note Repayment Order, this Court directed the Debtors to move to dismiss LLC2's chapter 11 case upon completion of the Repayment Steps.

11. On December 23, 2009, the Debtors filed their *Notice of Completion of Repayment Steps Pursuant to Order Pursuant to Sections 105(a), 363(b) and 364 of the Bankruptcy Code Authorizing the Debtors to Implement Certain Repayment Transactions* ("Notice of Completion") [Docket No. 1484]. A copy of the Notice of Completion is attached hereto as Exhibit C.

## RELIEF REQUESTED

12. By this Motion, the Debtors request entry of an order dismissing the chapter 11 case of ABH LLC 2, Case No. 09-14486, pursuant to Bankruptcy Code section 1112(b).

## BASIS FOR THE RELIEF REQUESTED

13. Section 1112(b) of the Bankruptcy Code provides, in pertinent part:

> (1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section . . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall . . . dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

-6-
DB02:9167011.1                                                                                    068104.1001

14. In expanding upon the "cause" standard, the Bankruptcy Code lists ten non-exclusive bases for relief.[7] *See also In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 n.5 (2d Cir. 1997) (bankruptcy court exercises its broad equitable discretion based on the particular facts and circumstances of a case in determining whether there is "cause" under section 1112(b) to dismiss a case).

15. In this instance, LLC2—a special purpose limited liability company—was formed in connection with and pursuant to the Note Repayment Order. To that end, LLC2 served only a distinct, designated purpose which was outlined in the Note Repayment Motion. In light of the completion of the Repayment Steps, as evidenced by the Notice of Completion, including the consummation of the Merger, the Debtors hereby move to dismiss the chapter 11 case of LLC2.

16. Moreover, the Note Repayment Order explicitly requires the Debtors to seek the relief requested herein upon completion of the Repayment Steps. As set forth in the Notice of Completion, the Repayment Steps have been completed, LLC2 no longer exists as a separate legal entity, and therefore, there is cause for the dismissal of LLC2's case under the present circumstances. The dismissal of LLC2's case will not affect the Debtors' other pending

---

[7] Section 1112 of the Bankruptcy Code provides, in relevant part, that after notice and a hearing, the bankruptcy court may convert a case under [chapter 11] to a case under chapter 7 of this title or may dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause, including:
   (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
   (2) inability to effectuate a plan;
   (3) unreasonable delay by the debtor that is prejudicial to creditors;
   (4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
   (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;
   (6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
   (7) inability to effectuate substantial consummation of a confirmed plan;
   (8) material default by the debtor with respect to a confirmed plan;
   (9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
   (10) nonpayment of any fees or charges required under chapter 123 of title 28.
11 U.S.C. § 1112(b).

Chapter 11 Cases, nor the proposed supplemental joint administration of LLC1 and ABH Holding in conjunction therewith.

17. The Debtors alternatively seek dismissal under section 305(a) of the Bankruptcy Code, which provides, in relevant part, that "[t]he court, after notice and a hearing, may dismiss a case under this title . . . at any time if – (1) the interest of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). Continuing LLC2's chapter 11 case serves no purpose and could potentially confuse creditors, make it more difficult for the Debtors to properly craft and confirm an anticipated plan of reorganization, and waste valuable estate resources. Thus, the dismissal of LLC2's chapter 11 case is in the best interests of the Debtors, their creditors and other parties in interest. Accordingly, the Debtors respectfully submit that the dismissal of LLC2's chapter 11 case is also warranted under Bankruptcy Code section 305(a).

## NOTICE

18. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (a) counsel to the Committee; (b) the Office of the United States Trustee; (c) counsel to the agents for the Debtors' prepetition secured bank facilities; (d) counsel to the agent for the Debtors' postpetition lenders; (e) counsel to the agent for the Debtors' securitization facility; (f) the Monitor appointed in the Canadian Proceeding; and (g) those parties entitled to notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, in accordance with Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
January 20, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

<u>/s/ Sean T. Greecher</u>
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Kelley A. Cornish
Alice Belisle Eaton
Jacob A. Adlerstein
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for the Debtors and Debtors-in-Possession*