IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABITIBIBOWATER INC., *et al.*,[1] | ) | Case No. 09-11296 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Ref. Docket No. 1737 and 1831, 1829 |

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING ALABAMA RIVER NEWSPRINT COMPANY AND ABITIBI-CONSOLIDATED ALABAMA CORPORATION: (A) TO SELL CERTAIN ASSETS LOCATED IN CLAIBORNE, ALABAMA; (B) TO ENTER INTO AND PERFORM ALL OF THEIR OBLIGATIONS UNDER A CERTAIN AGREEMENT FOR CONVEYANCE OF PROPERTY AND EQUIPMENT; (C) TO ASSUME A CERTAIN AMENDED SERVICES AGREEMENT; AND (D) GRANTING RELATED RELIEF**

Upon the Motion[2] of AbitibiBowater Inc. ("AbitibiBowater") and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), requesting entry of an order pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (N/A), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (N/A), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (9050), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (N/A), Bowater Canadian Forest Products Inc. (N/A), Bowater Canadian Holdings Incorporated (N/A), Bowater Canadian Limited (N/A), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (N/A), Bowater Maritimes Inc. (N/A), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0168), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913). On December 21, 2009, ABH LLC 1 (2280) and ABH Holding Company LLC (2398) (the "SPV Debtors") commenced chapter 11 cases, which cases are jointly administered with the above-captioned Debtors. The Debtors' and SPV Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada. On February 18, 2010, the Court entered an order dismissing the case of ABH LLC 2.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing Alabama River Newsprint Company ("ARN" or "Seller") by and through its general partner Abitibi-Consolidated Alabama Corporation ("ACAC"): (A) to sell (the "Sale") to Alabama River Pulp Company, Inc. ("ARP") and Alabama Pine Pulp Company ("APP" and together with ARP, the "Buyer") certain of ARN's assets (as more specifically described on Schedule 1 hereto, the "Property") free and clear of liens, claims, encumbrances, and other interests pursuant to the Agreement for Conveyance of Property and Equipment (the "Sale Agreement")[3]; (B) authorizing and approving the Sale Agreement; (C) approving the assumption of a certain amended services agreement (as amended, the "Amended Services Agreement"); (D) approving ARN's conveyance of the Land to ARP and authorizing ARN's entry into the Lease Amendment with The Industrial Development Board of Monroe County, Alabama (the "Board"), all as further described in and pursuant to the Sale Agreement; and (E) granting related relief; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Motion and opportunity for objection having been given; and this Court having reviewed and considered the Motion and any objections thereto; and this Court having heard statements of counsel at a hearing on the Motion (the "Sale Hearing"); and it appearing that no other notice need be given; and it further

---

appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014.

**NOTICE**

D. Due and adequate notice of the Motion, the Sale of the Property, the assumption of the Amended Services Agreement, the conveyance of the Property, entry into the Lease Amendment, and the hearing has been provided to the following parties, or, in lieu thereof, their counsel: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the agents for the Debtors' prepetition secured bank facilities; (iv) counsel to the agent for the Debtors' postpetition lenders; (v) counsel to the agent for the Debtors' securitization facility; (vi) the Monitor appointed in the Canadian Proceeding; (vii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b); (viii) all taxing authorities and other

governmental agencies having jurisdiction over any of the Leased Property, including the Internal Revenue Service; (ix) all Persons known or reasonably believed to have asserted an interest in any of the Property and Leased Property; (x) the Attorney General in the state where the Leased Property is located; (xi) the United States Environmental Protection Agency; (xii) any applicable state environmental agency; (xiii) the Industrial Development Board of Monroe County, Alabama; (xiv) the counterparties to the Amended Services Agreement; and (xv) the counterparties to the Lease Agreement.

E. In light of the nature of the relief requested, no other or further notice need be given. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

## HIGHEST AND BEST OFFER

F. The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion. Approval of the Motion and the Sale Agreement, and the consummation of the transactions contemplated thereby including but not limited to assumption of the Amended Services Agreement and entry into the Lease Amendment, is in the best interests of the Debtors, their creditors, their estates and other parties in interest.

G. The consideration provided by the Buyer to the Debtors and consummation of the Transactions: (1) is fair and reasonable; (2) is the highest and best offer for the Property; (3) will provide a greater recovery for the Debtors' creditors than

would be provided by any other available alternative; and (4) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

## GOOD FAITH OF PURCHASER

H. The Sale was negotiated and proposed in good faith, from arm's length bargaining positions, and without collusion. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Sale to be avoided under section 363(n) of the Bankruptcy Code.

## SECTION 363(f) IS SATISFIED

I. The Debtors are authorized, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, to transfer the Property to the Buyer free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, with such liens, claims, interests and encumbrances transferring and attaching to the proceeds of the Sale with the same validity and priority as such liens, claims, interests and encumbrances had in the Property immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of liens, claims, interests and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests and encumbrances who did object fall within one or

more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds.

## ASSUMPTION AND ASSIGNMENT

J.  The assumption of the Amended Services Agreement pursuant to the terms of this Order is integral to the Sale Agreement and is in the best interests of the Debtors and their estates, creditors and other parties in interest, and represents the reasonable exercise of the Debtors' sound and prudent business judgment.

K.  The Cure Amount under the Amended Services Agreement is zero dollars. No other amounts are necessary under section 365(b)(1)(A) and (B) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the Amended Services Agreement.

L.  ARN entered into that certain Lease Agreement dated as of October 1, 1988 and recorded at deed book 354 page 495 in the records of the Judge of Probate of Monroe County, Alabama with the Board, in connection with the issuance by the Board of its bonds (which bonds are no longer outstanding). By order dated October 28, 2009 [Docket No. 1208], ARN assumed the Lease Agreement. The assignment of the Land, as identified in, pursuant to, and solely to the extent provided in, the Sale Agreement, and entry into the Lease Amendment as contemplated in the Sale Agreement, is in the best interests of the Debtors and their estates, creditors and other parties in interest, and represents the reasonable exercise of the Debtors' sound and prudent business judgment.

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted as set forth herein.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

### APPROVAL OF THE SALE AGREEMENT

3. The Sale Agreement and all other ancillary documents, and all of the terms and conditions thereof, including but not limited to assumption of the Amended Services Agreement and entry into the Lease Amendment, as provided therein, are hereby approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and Buyer are authorized and directed to perform their obligations under and comply with the terms of the Sale Agreement, and consummate the Sale, pursuant to and in accordance with the terms of the Sale Agreement.

### SALE AND TRANSFER FREE AND CLEAR

5. At Closing, all of the Debtors' right, title and interest in and to, and possession of, the Property shall be immediately vested in Buyer pursuant to sections 105(a), 363(b), 363(f) and 365 of the Bankruptcy Code free and clear of any and all liens, claims, interests and encumbrances of any kind or nature whatsoever. Such transfer shall constitute a legal, valid, binding and effective transfer of such Property. All Persons presently or on or after the Closing, in possession of some or all of the Property are directed to surrender possession of the Property to Buyer or its respective designees on the Closing or at such time thereafter as Buyer may request.

6. All holders of liens, claims, interests and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests and encumbrances who did object fall within one or more of the other subsections of section 3634(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert a lien, claim, interest or encumbrance or other specifically dedicated funds, in the same order of priority and with the same validity force and effect that such holder had prior to the Sale, subject to any rights, claims and defenses of the Debtors or their estates, as applicable, or as otherwise provided herein. Absent further order of this Court, use of any such proceeds shall comply in all respects with the provisions of the final order approving the Debtors' postpetition financing [Docket No. 503] and related financing documents and the final order authorizing entry into the amended and restated securitization facility [Docket No. 595] and related financing documents (as such arrangements, orders and financing documents may be amended or modified from time to time in accordance with the terms set forth therein).

7. Pursuant to section 363(f) of the Bankruptcy Code, that certain Amended and Restated Fee and Leasehold Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing recorded at Book 741, Page 346 in the records of the Judge of Probate of Monroe County, Alabama on April 30, 2008 (the "Lien") encumbering the Leased Property, is hereby released to the extent it applies to the Property; provided, however, that such Lien otherwise remains in full force and effect;

provided, further, however, that the portion of the Lien attributable to the Property shall attach to the proceeds of the Sale attributable to the Property.

8. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing any claims, liens, interests, or encumbrances of any kind against the Property shall not have delivered to the Debtors prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all such claims, liens, interests, or encumbrances that the Person has with respect to the Debtors or the Property or otherwise, then only with regard to the Property that are transferred to Buyer pursuant to the Sale Agreement and this Order: (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property; and (b) Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the releases of all claims, liens, interests, or encumbrances of any kind whatsoever against Buyer and the applicable Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department or office.

9. This Order shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by

operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the Sale contemplated by the Sale Agreement.

10. For the avoidance of doubt, only Property that is part of the estates of the Debtors is being sold to Buyer free and clear pursuant to section 363(f) of the Bankruptcy Code and no Easements in favor of third parties or parties other than ARN, or Easements on the Leased Property that ARN is not conveying, are being released.

## ASSUMPTION AND ASSIGNMENT

11. Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, the assumption of the Amended Services Agreements is hereby authorized and approved in all respects; *provided, however,* that the assumption of the Services Agreements by the Debtors is conditioned upon and subject to the occurrence of the Closing.

12. The Amended Services Agreement, upon assumption and assignment to Buyer, shall be deemed valid and binding, in full force and effect in accordance with its terms as amended.

13. The Cure Amount for the Amended Services Agreement is the true, final and fixed amounts, and the only amounts, that are required to be paid upon assumption of the Amended Services Agreement pursuant to section 365 of the Bankruptcy Code. Payment of the Cure Amount shall not be subject to further dispute or

audit, including based on performance prior to the assumption of the Amended Services Agreement, irrespective of any audit or similar clause. Buyer is hereby barred, enjoined and prohibited from asserting any claim or debt against the Debtors or their property or estates from offsetting, seeking to offset, recoup, deduct or set-off any Claims (as defined by the Bankruptcy Code) it may have against the Debtors from any amounts that may be or may have become due under the Services Agreement on and up to the Closing.

14. Adequate assurance of future performance has been demonstrated by or on behalf of ARN with respect to the Amended Services Agreement.

15. The Debtors are not and will not be in default in any of their obligations under the Amended Services Agreement with the possible exception of defaults identified in section 365(b)(2) of the Bankruptcy Code, which defaults, if any, are null and void and without effect.

16. Pursuant to section 365 of the Bankruptcy Code and Rule 6006, the assignment of the Land and entry into the Lease Amendment is hereby authorized and approved in all respects.

17. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Land after the assignment of the Land to the Buyer.

### FAIR CONSIDERATION AND GOOD FAITH

18. The consideration received by the Debtors under the Sale Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

19. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

## MISCELLANEOUS

20. Within two business days after the closing of the Sale, the Debtors will deposit the net cash proceeds of the Sale (the "Net Sale Proceeds") into a Wells Fargo bank account in the name of the Debtors (the "Designated Account") to be designated by Wells Fargo Bank, N.A. (the "Agent"), in its capacity as administrative agent for the lenders from time to time party to that certain Credit and Guaranty Agreement dated as of April 1, 2008 among Abitibi-Consolidated Company of Canada and Abitibi-Consolidated Inc. ("ACI"), as borrowers, certain subsidiaries and affiliates of ACI, as guarantors, the Agent (as successor to Goldman Sachs Credit Partners L.P.), and the lenders from time to time party thereto (the "Term Loan Lenders"), as lenders.

21. The Debtors shall not be permitted to withdraw all or any portion of the Net Sale Proceeds from the Designated Account other than in accordance with the terms and conditions of this Order.

22. The Debtors may request the use of all or a portion of the Net Sale Proceeds by delivering a written request (the "Withdrawal Request") to the Agent and its counsel, with a copy to counsel for the Committee, stating the amount of the Net Sale Proceeds they seek to withdraw from the Designated Account (the "Requested Amount") and the intended use of the funds. The Agent shall have 10 business days from the date of receipt of the Withdrawal Request (the "Objection Period") to file a motion with the Court objecting to the Withdrawal Request (a "Withdrawal Objection Motion"). The

Debtors shall not withdraw all or any portion of a Requested Amount prior to the expiration of the Objection Period without the written consent of the Agent and the Committee. For the avoidance of doubt, this Order shall not impair any right of the Committee to file a motion with the Court asserting objections to the Withdrawal Request.

23. If no Withdrawal Objection Motion is filed by the Agent within the Objection Period, the Debtors may withdraw the Requested Amount from the Designated Account and use the funds in accordance with the Withdrawal Request.

24. If the Agent files a Withdrawal Objection Motion within the Objection Period, the Debtors shall not be permitted to withdraw the Requested Amount from the Designated Account without a further order of this Court. The Agent agrees that it will not oppose a request by the Debtors for an expedited hearing on an Objection Motion.

25. This Order shall be binding upon the Debtors, all creditors of the Debtors and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

26. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order and to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including but no limited to, retaining jurisdiction to: (a) compel delivery of the Property to Buyer; (b) compel delivery of the Purchase Price or performance of other obligations by the Buyer under the

Sale Agreement; (c) resolve any disputes arising under or related to the Sale Agreement; and (d) interpret, implement, and enforce the provisions of this Order.

27. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety. To the extent there are any inconsistencies between the terms of this Order and the Sale Agreement, the terms of this Order shall control.

28. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement des not have a material adverse effect on the Debtors' estates.

29. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry and the stay provided for in Bankruptcy Rules 6004(h) is hereby waived; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

Dated: Wilmington, Delaware
March ____, 2010

_____
KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE