# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ABITIBIBOWATER INC., *et al.*,[1] | ) Case No. 09-11296 (KJC) |
| Debtors. | ) Jointly Administered<br>) **Ref. Docket No. 2201** |

## ORDER AUTHORIZING THE DEBTORS
## TO ENTER INTO THE COMMITMENT AGREEMENT

Upon the amended Motion[2] of AbitibiBowater Inc. ("AbitibiBowater") and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), requesting entry of an order (the "Order") pursuant to sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to enter into the Commitment Agreement in the form attached as Exhibit A hereto; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (N/A), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (N/A), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (9050), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (N/A), Bowater Canadian Forest Products Inc. (N/A), Bowater Canadian Holdings Incorporated (N/A), Bowater Canadian Limited (N/A), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (N/A), Bowater Maritimes Inc. (N/A), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0168), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913). On December 21, 2009, ABH LLC 1 (2280) and ABH Holding Company LLC (2398) (the "SPV Debtors") commenced chapter 11 cases, which cases are jointly administered with the above-captioned Debtors. The Debtors' and SPV Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada. On February 18, 2010, the Court entered an order dismissing the case of ABH LLC 2.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given; and this Court having reviewed and considered the Motion and any objections thereto; and this Court having considered evidence and testimony and having heard statements of counsel at hearings on the Motion on June 11, 2010, June 17, 2010 and June 25, 2010; and it appearing that no other notice need be given; and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

1. The Commitment Agreement, including the payment of the Aggregate Commitment Payments, the indemnification provisions set forth therein and the Plan Support Covenant, is approved.

2. The Debtors are authorized to enter into the Commitment Agreement and to take all actions necessary to perform their obligations thereunder.

3. The Debtors are authorized to execute and deliver all instruments and documents and take any other actions as may be necessary or appropriate to implement and effectuate the transactions contemplated by the Commitment Agreement and this Order.

4. The Debtors are authorized to pay all amounts due under the Commitment Agreement, in accordance with the terms of the Commitment Agreement, including the Aggregate Commitment Payments, and are further authorized to pay amounts arising in connection with implementation and effectuation of the transactions contemplated by the Commitment Agreement, including payment of fees and expenses of

[handwritten insertion at top, marked "Rider":] The Termination Payment, if payable, pursuant to the Backstop Commitment Agreement, [circled: allowed] shall be an administrative claim against each of the Debtors (other than Bowater Canada Finance Corporation) pursuant to section 503 of the Bankruptcy Code.

the Escrow Agent pursuant to an escrow agreement agreed among the Debtors, the Escrow Agent and the Creditors Committee.

5. The Debtors are authorized to make, execute and deliver one or more non-material amendments, waivers or supplements to one or more of the Commitment Agreement in such form as the parties thereto may agree that are not inconsistent with the Debtors' First Amended Joint Plan of Reorganization dated May 24, 2010, as the same may be amended, modified or supplemented with the consent of the Creditors' Committee (the "Plan of Reorganization"), *provided* that the Debtors shall send any such non-material amendments, waivers or supplements to counsel for the Monitor, counsel for the Creditors' Committee, the Office of the United States Trustee, counsel to Wilmington Trust Company, in its capacity as indenture trustee for the 7.95% Notes issued by Bowater Canada Finance Corporation and counsel to Aurelius Capital Management, LP and Contrarian Capital Management, LLC, as soon as reasonably practicable in advance of execution thereof. Approval of this Court shall be required for any material amendments, waivers or supplements to the Commitment Agreement, including, without limitation, extension of the Outside Date, amendments to the terms of the Aggregate Commitment Payments or imposition of material conditions precedent.

6. Subject to entry of an order approving the U.S. Disclosure Statement, the Debtors are authorized to execute the Plan Support Agreement and deliver all instruments and documents and take any other actions as may be necessary or appropriate to implement and effectuate the transactions contemplated by the Plan Support Agreement and any other exhibit to the Commitment Agreement.

[handwritten: Insert Rider 1 and Rider 2]

7. [struck through:] For the avoidance of doubt and notwithstanding anything to the contrary in this Order, Bowater Canada Finance Corporation shall ~~not~~ be a party to the Commitment Agreement or any Plan Support Agreement. [handwritten annotation: signatory]

[handwritten at bottom left, circled: Debtor]

3

[handwritten at bottom right, circled: for Bowater Incorporated]

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry and the stay provided for in Bankruptcy Rules 6004(h) is hereby waived; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: Wilmington, Delaware
June 20, 2010

Hon. Kevin J. Carey
Chief United States Bankruptcy Judge

Rider 2

For the avoidance of doubt, the failure of ~~Bower~~ Bowater Canada Finance Corporation to support the Plan, in and of itself, shall not constitute a breach of the Plan Support Agreement.

4