UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ABITIBIBOWATER INC., *et al.*, | § | CASE NO. 09-11296-KJC-11 |
| | § | |
| Debtor | § | Jointly Administered |

**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' OBJECTION TO CONFIRMATION OF THE DEBTORS' SECOND AMENDED PLAN**

1The Texas Comptroller of Public Accounts ("Texas Comptroller"), appearing through the Texas Attorney General's Office, objects to confirmation of the Debtors' Second Amended Plan of Reorganization (the "Plan").

**I. The Supreme Court's recent *Espinosa* opinion mandates a change in the practice of proposing plans that do not comply with the Bankruptcy Code.**

1. Plan Art. 8.4 proposes to eliminate claimholders' setoff rights by deeming each creditor receiving distributions under the proposed plan to have consented to the injunctions in Art. 8.4.

2. Plan Art. 8.4 conflicts with Bankruptcy Code § 553(a), which provides that "*this title* [Title 11, United States Code] *does not affect any rights of a creditor to offset*" a claim against a mutual prepetition debt owing by the debtor. (Emphasis added.) Plan Art. 8.4 therefore proposes to rewrite the Bankruptcy Code by providing, despite § 553, that plan confirmation eliminates the setoff rights of creditors.

3. While the Comptroller recognizes that the Plan's attempt to eliminate creditors' setoff rights is in keeping with long-established practice in this and other districts, the Comptroller believes it is time for a fundamental re-assessment of that practice. The reason the time is ripe for such a re-assessment is the Supreme Court's decision earlier this year in Espinosa v. United States Aid Funds, Inc., 130 S. Ct. 1367 (2010).

4. Espinosa concerned a plan provision that, like Art. 8.4 of the Plan, conflicted with the Bankruptcy Code. While the Supreme Court upheld the effectiveness of such a provision with respect to a creditor who failed to object to it, the Supreme Court went on to deal with arguments that approving plans containing provisions contrary to the Bankruptcy Code would invite "bad faith litigation tactics" and leave the door open for "unscrupulous debtors" to abuse the bankruptcy process by filing improper plans in hopes that a court and creditors would overlook the provisions. If a court or creditor discovers the improper plan provisions, then the debtors could simply amend the plan to eliminate them, making it a "no risk" proposition to propose a plan that includes improper provisions. 130 S. Ct. at 1382.

5. In parts III and IV of its Espinosa opinion, the Supreme Court laid out two roadblocks to such plan confirmation tactics:

(1) Bankruptcy courts have an affirmative duty to deny confirmation to plans that conflict with the Code, even if no party objects.

(2) Debtors and their attorneys face penalties – specifically, sanctions under Bankruptcy Rule 9011 – for presenting plans for confirmation that they know do not comply with the Bankruptcy Code.

6. Though Espinosa was a Chapter 13 case, Bankruptcy Code §§ 1325(a) and 1129(a) are practically identical in describing the circumstances under which a court should confirm a plan. Section 1325(a), applicable in Espinosa, provides:

[T]he court shall confirm a plan if –

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title,

(3) the plan has been proposed in good faith and not by any means forbidden by law.

Section 1129(a), applicable here, provides:

The court shall confirm a plan only if all of the following requirements are met:

> (1) The plan complies with the applicable provisions of this title.
>
> (2) The plan proponent complies with the applicable provisions of this title.
>
> (3) The plan has been proposed in good faith and not by any means forbidden by law.

7. If anything, the addition of the word "only" in the introductory phrase to § 1129(a) and the addition of a requirement that the plan proponent comply with provisions of Title 11 indicate that *stricter* scrutiny of Chapter 11 plans is appropriate. See *In re Szostek*, 886 F.2d 1405, 1411 (3d Cir. 1989), contrasting the mandatory nature of § 1129(a)'s "only if" language with the less clear language of § 1325(a) and *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 452 (6th Cir. 2009), concluding that both 1129(a) and 1325(a) are mandatory. So plans that do not comply with § 1129(a) – including §1129(a)(1)'s requirement that plans must "compl[y] with applicable provisions of this title", including § 553 – should not be confirmed, even if no party objects and even if objectors are "carved out" in confirmation orders.

8. Accordingly, it is respectfully suggested that, as directed by the Supreme Court, two roadblocks should exist to confirming Chapter 11 plans that contain improper provisions – such as Plan Art. 8.4 – that do not comply with Title 11:

(1) A bankruptcy court should perform its affirmative duty to deny confirmation of plans that conflict with the Code, even if no party objects.

(2) Debtors and their counsel should face penalties – specifically, sanctions under Bankruptcy Rule 9011 – for presenting plans for confirmation they know do not comply with the Bankruptcy Code.

9. For those reasons, confirmation of the Plan should be denied, even if the plan proponents propose to "carve out" the Texas Comptroller from the Plan's anti-offset provision and even if no other creditors object. The Court's independent, affirmative duty to review the Plan for Code compliance remains – and this Plan conflicts with 11 U.S.C. § 553(a). A "carve out" of creditors who object to improper provisions does not remedy the Plan defect and reflects the very "no risk" proposition described by the Supreme Court in Espinosa as a "bad faith litigation tactic."

10. Because this objection proposes a change in accepted bankruptcy practice, and because Espinosa was only recently decided, the Texas Comptroller will defer, for now, seeking sanctions against counsel for the Plan proponents. The Plan proponents are therefore being afforded a chance to amend the Plan to comply with Code § 553(a). The Texas Comptroller reserves, and does not waive, the right to seek by separate motion appropriate sanctions if the Plan is not amended.

**II. The longstanding "gotcha game" arising from the Third Circuit's *Continental Airlines* case on setoff rights does not excuse non-compliance with the Bankruptcy Code, after *Espinosa*.**

11. Since the Third Circuit addressed a tax creditor's setoff rights in In re Continental Airlines, Inc., 134 F.3d 536 (3d Cir. 1998), *cert. den.*, 119 S. Ct. 336 (1998) plan proponents in this district have played a long-running "gotcha game" with tax creditors. Plan proponents routinely propose in plans to alter or eliminate the setoff rights of tax creditors (and other creditors as well) upon confirmation. Some vigilant tax creditors object. Under In re Alta + Cast,[1] 2004 WL 484881, *6 (Bankr. D. Del.), a plan objection is sufficient to preserve setoff rights, and plan provisions eliminating such rights are "improper." Plan proponents then "carve out" the objecting tax creditors

---

[1] The Westlaw version of the case, which is the only version available in the absence of Bankruptcy Reporter publication, contains an "m" after the debtor's name. The body of the opinion makes it clear that the debtor's correct name was "Alta + Cast", indicating the added "m" is a typographical error, so the correct name is used in this citation.

in confirmation orders, but the "improper" provision remains in the plan to bind other creditors. In the next "megacase" proposed plan, the process repeats itself, so that a tax creditor must constantly be on the watch in every large chapter 11 case, whether the tax creditor knows of a claim or not, to protect statutory setoff rights that 11 U.S.C. § 553(a) expressly preserves. (See Part III below.)

12. When queried about the propriety of proposing plans that proponents know are in conflict with § 553(a), Continental Airlines is invariably cited as justification for so proceeding, at least in the Third Circuit. A careful examination of that case reveals, however, that it provides no such justification.

13. Continental Airlines involved an attempt by the federal government, six weeks after a debtor airline confirmed a Chapter 11 plan, to offset funds due to the airline from the General Services Administration against ten claims asserted by other federal agencies against the same debtor. The federal government had done nothing during the Chapter 11 case to assert its setoff rights, and the Third Circuit held that in the absence of any such action by the creditor, its setoff rights were lost, notwithstanding § 553(a). 134 F.3d at 542.[2]

14. Most importantly for the relevant issue in this case – whether a plan adversely affecting setoff rights can be confirmed – Continental Airlines *did not involve an anti-setoff plan provision*. In that case, not only did the federal government not take any action to assert a setoff right pre-

---

[2] Though not necessary for consideration of the issues in this case, the Third Circuit's decision in Continental Airlines is clearly a minority view. Three other circuit courts have held to the contrary: IRS v. Luongo, 259 F.3d 323, 333 (5th Cir. 2001); In re DeLaurentiis Entertainment Group, Inc., 963 F.2d 1269, 1277 (9th Cir.1992); In re Davidovich, 901 F.2d 1533, 1539 (10th Cir. 1990). So have a number of district and bankruptcy courts in other circuits: In re O'Brien, 414 B.R. 92, 101 (S.D. W.Va. 2009); United States v. Munson, 248 B.R. 343, 345 (C.D. Ill. 2000); In re Wiegand, 199 B.R. 639, 641 (W.D. Mich. 1996); Pettibone Corp. v. United States, 161 B.R. 960, 964 (N.D. Ill. 1993); Posey v. United States , 156 B.R. 910 (W.D. N.Y. 1993); Womack v. United States (In re Womack), 188 B.R. 259 (Bankr. E.D. Ark. 1995); In re Conti, 50 B.R. 142 (Bankr. S.D. Va. 1985); In re Ford, 35 B.R. 277 (Bankr. N.D. Ga. 1983). *But see* Daewoo Int'l (America) Corp. Creditor Trust v. SSTS America Corp., 2003 WL 21355214 (S.D. N.Y.); Massey v. Baker O'Neal Holdings, Inc., 2006 WL 897880 (S.D. Ind.)

5

confirmation, neither did the debtor's plan contain any provision affecting setoff rights. The Third Circuit's holding in Continental Airlines therefore does not rely at all on any plan provision eliminating or conditioning creditors' setoff rights. Rather, Continental Airlines deals with the situation of what happens when neither the debtor (in a plan) nor the creditor addresses setoff rights until well after confirmation. That situation is not present here: the Plan proposes to eliminate the setoff rights of creditors and at least one creditor (the Texas Comptroller) has objected to that Plan provision.

15. The one relevant reported case in this District addressing plan provisions that propose to eliminate setoff rights is Alta + Cast, *supra*. In that case, a creditor complained that a proposed plan "improperly extinguishes any setoff rights he may have." Judge Walrath concluded: "We agree with this argument," noting that "there is no basis in the Code to eliminate ... setoff rights. In fact, section 553 expressly preserves whatever setoff rights Hays may have under state law." 2004 WL 484881, *6.

16. Thus, far from providing support for a plan provision eliminating or curtailing creditors' setoff rights, the only applicable reported case law in this District – Alta + Cast – terms such provisions "improper."[3]

17. What the Plan seeks to do, of course, is utilize the *res judicata* portion of Espinosa to bind non-objecting creditors to the Plan's terms, even if such terms are improper. The Chapter 13 debtor's "discharge by declaration" in Espinosa did work, after all. Though improper, and contrary to § 1328(a), the plan provision was nonetheless binding on a non-objecting creditor under well-

---

[3] In re Protarga, Inc., 329 B.R. 451, 475 (Bankr. D. Del. 2005) is not to the contrary. Protarga, like other cases such as Massey v. Baker discussed in paragraph 17, holds that an unobjected-to plan provision barring setoff is effective. In that holding, it parallels the *res judicata* portion of Espinosa, but Protarga does not address whether anti-setoff provisions are proper in plans if objected to or brought to the attention of a court prior to confirmation.

established law applying *res judicata* principles and Fed. R. Civ. P. 60, and the Supreme Court enforced it. The same result has been reached with anti-setoff provisions in plans. Massey v. Baker O'Neal Holdings, Inc., 2006 WL 897880, *4 (S.D. Ind.); In re Protarga, Inc., *supra*. Even though it enforced the improper plan provisions in Espinosa, the Supreme Court prescribed (as noted above) two significant checks on plan proponents' ability to "game the system" by deliberately including improper provisions in plans: (1) the duty of bankruptcy courts to deny confirmation of plans containing such provisions, and (2) the possibility of sanctions against plan proponents and their counsel for trying to "sneak through" such provisions. The Texas Comptroller, by this objection, asks this Court to apply the first check, as the Supreme Court has directed.

### III. Anti-setoff provisions in plans violate §1123(b)(6).

18. Section 1123(b)(6) expressly provides for the inclusion of "any other appropriate provision not inconsistent with the applicable provisions of this title." By negative implication, a plan may NOT include provisions that are "inconsistent with the applicable provisions of this title." "This title" includes § 553(a), which provides that setoff rights are not affected by any provision of Title 11. By eliminating the creditors' setoff rights, the Debtor's Plan is inconsistent with the applicable provisions of Title 11.

### IV. Tax creditors have unique concerns about setoff prohibitions in plans.

19. The Texas Comptroller does not undertake lightly a challenge of well-established plan confirmation practice in this and other courts with respect to tax creditors' setoff rights. Nor is the Texas Comptroller simply "nitpicking" as to boilerplate anti-setoff provisions commonly found in plans.

20. Rather, millions of dollars are at stake on this recurring issue in many cases. It is

7

standard procedure for most large Chapter 11 debtors to conduct a review of potential tax refunds available to bankruptcy estates. If not conducted by the debtor in possession during the pre-confirmation phase of a case, such reviews are commonly done at some point by reorganized debtors, creditors' committees or liquidation trusts post-confirmation, and plans typically preserve tax refund claims.

21. Where tax creditors have known claims against Chapter 11 debtors, they assert them by filing proofs of claim. However, many debtors are current on tax return liabilities as of the petition date (or pay prepetition taxes under "first day orders") and tax creditors lack the means to audit each and every Chapter 11 debtor that files bankruptcy, so they do not always file proofs of claim in every case. Only a full-blown audit is likely to determine whether any potential tax refund claims exist that may be asserted by a reorganized debtor or its successors, giving rise to possible setoffs.

22. The situation has arisen on many occasions where a tax creditor has been presented with a post-confirmation tax refund claim on behalf of a reorganized debtor, with that refund request being the first time the reorganized debtor's overall tax status has been reviewed. Usually, outside of bankruptcy, large tax refund requests will trigger tax audits to determine if any additional tax is owed by the taxpayer claiming the refund. If an audit determines tax liability exists, the liability will be set off against any valid refund claims.

23. Where, however, a reorganized debtor has obtained confirmation of plan containing setoff prohibitions such as that in Plan Art. 8.4, the tax creditor may be precluded from asserting its setoff rights unless the creditor has objected to the plan. Just as tax creditors cannot audit every single Chapter 11 debtor, neither can they file "prophylactic" objections in every single Chapter 11 case, just in case the reorganized debtor or a successor entity presents a tax refund claim at some

8

point in the future. That is particularly true in cases where the tax creditor is unaware of any prepetition claims or the claims have been paid under a first day order.

24. That is why anti-setoff language buried in the "fine print" of Chapter 11 plans is a serious problem for tax creditors, who are involuntary creditors that do not make credit-based decisions about whether to do business with entities that file Chapter 11. *See* United States v. Kimbell Foods, Inc., 99 S. Ct. 1448, 1463 (1979)(A tax creditor "is an involuntary creditor of delinquent taxpayers, unable to control the factors that make tax collection likely.")  And that is why the practice of routinely including anti-setoff provisions in proposed plans poses such a threat to tax creditors. Tax creditors *should* be able to rely on Section 553(a) to have their setoff rights preserved, despite confirmation of a Chapter 11 plan, despite § 1141's "free and clear" and discharge language, and despite § 524's discharge injunction. In the same way, student loan creditors should be able to rely on § 1328(a) to protect the non-dischargeability of student loan debts. But if a student loan debtor is able to get a "discharge by declaration" plan confirmed, the plan binds the creditor, Espinosa holds. The same is true of anti-setoff plan provisions. Espinosa goes on to instruct, however, that bankruptcy judges should not approve such plans and that plan proponents and their counsel should not propose such plans. It is that directive of the Supreme Court that the Texas Comptroller seeks to implement here, to preserve valuable rights of the Texas Comptroller and other tax creditors in this and other cases.

**V.    The Texas Comptroller objects to Debtor's proposed annual payments.**

25. Article 2.4 of the Plan provides payment options for the Debtor, including annual payments. The Texas Comptroller objects to such treatments and suggests that these payments should be made on a monthly basis with the first payment due the first business day of the first

month after the effective date. Absent compelling reasons for less frequent payments, courts have held that deferred payments to priority tax creditors should be made on a monthly basis. *In re Mason & Dixon Lines, Inc.*, 71 B.R. 300, 302-03 (Bankr. M.D. N.C. 1987); *In re Inventive Packaging Corp.*, 81 B.R. 74 (Bankr. D. Colo. 1987); and *In re Mahoney*, 80 B.R. 197, 200 (Bankr. S.D. Cal. 1987).

## Conclusion

Wherefore, for the reasons set forth above, the Texas Comptroller requests that the Court deny confirmation of the Plan, unless it is amended to comply with 11 U.S.C. § 553(a).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jason A. Starks*
JASON A. STARKS
Assistant Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4867
Facsimile: (512) 482-8341
jason.starks@oag.state.tx.us

ATTORNEYS FOR THE TEXAS COMPTROLLER
OF PUBLIC ACCOUNTS

# CERTIFICATE OF SERVICE

I certify that on September 8, 2010, true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Abitibi-Consolidated Corporation
1155 Metcalfe Street, Ste. 800
Montreal, Quebec H3B 5H2
Canada

By Electronic Means as listed on the Court's ECF Noticing System:

David G. Aelvoet davida@publicans.com
Bruce W. Akerly   bakerly@canteyhanger.com, nstarr@canteyhanger.com;mzastrow@canteyhanger.com
Elihu Ezekiel Allinson, III   ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;KDavis@SHA-LLC.com;hcoleman@sha-llc.com
Mary E. Augustine   maugustine@bglawde.com
Elizabeth Banda Calvo   rgleason@pbfcm.com, ebcalvo@pbfcm.com
Willliam J. Barrett   william.barrett@bfkn.com
Ryan M. Bartley   bankfilings@ycst.com
Thomas C. Bell   tom.bell@dgslaw.com, bernadette.marquez@dgslaw.com
Jay R. Bender   jbender@babc.com, jhenderson@babc.com
Scott E. Blakeley   seb@blakeleyllp.com
Danielle S. Blount   dblount@foxrothschild.com, dkemp@foxrothschild.com
William Pierce Bowden   wbowden@ashby-geddes.com
Amy D. Brown   abrown@margolisedelstein.com
Charles J. Brown   cbrown@archerlaw.com, dabernathy@archerlaw.com
Theresa Vesper Brown-Edwards   bankruptcy@potteranderson.com
J. Dewayne Bunch   mccoinbunch@bellsouth.net
Michael G Busenkell   mbusenkell@wcsr.com, hsasso@wcsr.com;pgroff@wcsr.com
Timothy P. Cairns   tcairns@pszjlaw.com
Mary Caloway   mary.caloway@bipc.com
David P Canas   dpc@h3gm.com
Douglas N. Candeub   dcandeub@morrisjames.com, wweller@morrisjames.com
James C. Carignan   carignaj@pepperlaw.com
James C. Carignan   carignaj@pepperlaw.com, wlbank@pepperlaw.com,lanoc@pepperlaw.com
John T. Carroll   jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com
Jon M. Chatalian   chatalian.jon@pbgc.gov, efile@pbgc.gov
Shawn M. Christianson   schristianson@buchalter.com, cmcintire@buchalter.com

Howard A. Cohen    howard.cohen@dbr.com, amy.kinslow@dbr.com
Kelly M. Conlan    kconlan@cblh.com
Robert L. Cook    robert_cook@tax.state.ny.us
L. Jason Cornell    jcornell@foxrothschild.com, dkemp@foxrothschild.com
Traci L. Cotton    tcotton@utsystem.edu
Victoria Watson Counihan    bankruptcydel@gtlaw.com, thomase@gtlaw.com

Raniero D'Aversa    rdaversa@orrick.com

Richard E. Davis    rdavis@davis-fields.com, dlenoir@davis-fields.com

Michael David Debaecke    debaecke@blankrome.com

John D. Demmy    jdd@stevenslee.com

Mark L. Desgrosseilliers    mdesgrosseilliers@wcsr.com, pgroff@wcsr.com
John P. Dillman    houston_bankruptcy@publicans.com
Kristi J. Doughty    bk.service@aulgur.com
Thomas F. Driscoll    tdriscoll@bifferato.com
Peter James Duhig    peter.duhig@bipc.com
Jamie Lynne Edmonson    jedmonson@bayardlaw.com, sbreckenridge@bayardlaw.com,emiranda@bayardlaw.com,unorman@bayardlaw.com,bankserve@bayardlaw.com,
Landon Ellis    ellis@lrclaw.com, adams@lrclaw.com;dero@lrclaw.com;dellose@lrclaw.com
Michael E. Emrich    notice@regencap.com
Brett Fallon    bfallon@morrisjames.com, wweller@morrisjames.com;jdawson@morrisjames.com
Sherry Ruggiero Fallon    sfallon@trplaw.com
Bonnie Glantz Fatell    fatell@blankrome.com, senese@blankrome.com;moody@blankrome.com
GianClaudio Finizio    gfinizio@bayardlaw.com, tmatthews@bayardlaw.com,unorman@bayardlaw.com,bankserve@bayardlaw.com,sbreckenridge@bayardlaw.com
John V. Fiorella    jfiorella@archerlaw.com, mfriedman@archerlaw.com
Heather Marie Fossen Forrest    hforrest@jw.com
David M. Fournier    fournierd@pepperlaw.com, wlbank@pepperlaw.com,lanoc@pepperlaw.com
Ellen A. Friedman    efriedman@friedumspring.com
Neil B. Glassman    bankserve@bayardlaw.com, nglassman@bayardlaw.com;tmatthews@bayardlaw.com;sbreckenridge@bayardlaw.com;jalberto@bayardlaw.com;bankserve@bayardlaw.com
Ira H. Goldman    bankruptcy@goodwin.com
Sean T. Greecher    bankfilings@ycst.com
Samuel Robert Grego    sgrego@dmclaw.com, sgrego@dmclaw.com
Whitney Groff    ecfmail@aclawllp.com
Nathan D. Grow    bankfilings@ycst.com

Aaron L. Hammer    ahammer@freebornpeters.com, bkdocketing@freebornpeters.com
Donna L. Harris    dharris@phw-law.com
Mark F. Hebbeln    mhebbeln@foley.com, jsorrels@foley.com,opetukhova@foley.com
Ted W. Hight    thight@tokn.com
R. Karl Hill    khill@svglaw.com, cday@svglaw.com
Thomas M. Horan    thoran@wcsr.com, hsasso@wcsr.com;pgroff@wcsr.com
Wesley Brad Huisinga    wbh@shuttleworthlaw.com
Mark T Hurford    cl@camlev.com, mth@camlev.com
Patrick A. Jackson    bankfilings@ycst.com
Paul G. Jennings    pjennings@bassberry.com, bankr@bassberry.com
Andrew E Jillson    ajillson@hunton.com
Ericka Fredricks Johnson    erjohnson@wcsr.com, pgroff@wcsr.com;klytle@wcsr.com
Laura Davis Jones    ljones@pszjlaw.com, efile1@pszyjw.com
Nathan Jones    nate@usdrllc.com
Michael Joseph Joyce    mjoyce@crosslaw.com
Susan E. Kaufman    skaufman@coochtaylor.com
Jordan Daniel Kaye    jkaye@kramerlevin.com, jrappaport@kramerlevin.com;edaniels@kramerlevin.com.
John Henry Knight    knight@rlf.com, RBGroup@RLF.com
Laurie A. Krepto    lkrepto@mmwr.com, jperri@mmwr.com;rweiss@mmwr.com
Adam G. Landis    landis@lrclaw.com, adams@lrclaw.com;panchak@lrclaw.com;dero@lrclaw.com;brown@lrclaw.com;dellose@lrclaw.com
Michael R. Lastowski    mlastowski@duanemorris.com
Christopher Dean Loizides    loizides@loizides.com
Sherry Lowe Johnson    sdlowejohnson@lammrubenstone.com, mdenton@lammrubenstone.com
Thomas G. Macauley    bankr@zuckerman.com
Kevin J Mangan    kmangan@wcsr.com, hsasso@wcsr.com
Douglas H. Mannal    dmannal@kramerlevin.com
Michael A. Maricco    maricco.michael@pbgc.gov, efile@pbgc.gov
R. Craig Martin    rcmartin@eapdlaw.com, DEbankruptcy@eapdlaw.com;cneuberger@eapdlaw.com
Walter F. McArdle    wfm@spain-gillon.com
Laura L. McCloud    agbankdelaware@ag.tn.gov
Garvan F. McDaniel    gmcdaniel@bglawde.com, ydalton@bglawde.com
Patricia P. McGonigle    pmcgonigle@svglaw.com, dclack@svglaw.com
Dennis A. Meloro    bankruptcydel@gtlaw.com, thomase@gtlaw.com;melorod@gtlaw.com
Maria Ann Milano    mmilano@riddellwilliams.com, ctracy@riddellwilliams.com;jshickich@riddellwilliams.com
Curtis S. Miller    cmiller@mnat.com, aconway@mnat.com;rfusco@mnat.com
Kathleen M. Miller    kmiller@skfdelaware.com, dlm@skfdelaware.com

Rick S. Miller   rmiller@ferryjoseph.com, dsacconey@ferryjoseph.com
Sheryl L. Moreau   deecf@dor.mo.gov
Pauline K. Morgan   bankfilings@ycst.com
Adam Scott Moskowitz   asmcapital@aol.com
Kerri K. Mumford   mumford@lrclaw.com, adams@lrclaw.com;panchak@lrclaw.com;dero@lrclaw.com;dellose@lrclaw.com
Kathleen A. Murphy   kmurphy@reedsmith.com
Bruce S. Nathan   bnathan@lowenstein.com
Seth A. Niederman   sniederman@foxrothschild.com, dkemp@foxrothschild.com
Daniel A. O'Brien   dobrien@bayardlaw.com;bankserve@bayardlaw.com, tmatthews@bayardlaw.com;sbreckenridge@bayardlaw.com
Thomas J. O'Connor   thomas.oconnor@kkue.com, gloria.chon@kkue.com
Ricardo Palacio   rpalacio@ashby-geddes.com
John C. Phillips   tlb@pgslaw.com;scs@pgslaw.com
Kevin M. Phillips   kphillips@nzalaw.com, jiverson@nzalaw.com
Marc J. Phillips   mphillips@cblh.com
Brandon S. Pierce   spierce@belaw.com, ktuck@belaw.com
Amos U. Priester, IV   apriester@smithlaw.com, aosterhout@smithlaw.com;kbarden@smithlaw.com
David P. Primack   david.primack@dbr.com, amy.kinslow@dbr.com
Scott Eric Ratner   seratner@teamtogut.com, kackerman@teamtogut.com;dperson@teamtogut.com;echafetz@teamtogut.com;bdawson@teamtogut.com;rmilin@teamtogut.com;dcahir@teamtogut.com
Eric T. Ray   eray@balch.com
Glenn M. Reisman   glenn.reisman@ge.com
Steven J. Reisman   sreisman@curtis.com, arusso@curtis.com;mchiu@curtis.com;jdrew@curtis.com;athau@curtis.com;kparker@curtis.com;ceilbott@curtis.com;cmanthei@curtis.com;tbarnes@curtis.com;vhodeau@curtis.com;lsheikh@curtis.com;njames@curtis.com;mgallagher@curtis.com
Andrew R. Remming   aremming@mnat.com, rfusco@mnat.com;bspringart@mnat.com;ecampbell@mnat.com
Deirdre M Richards   drichards@lammrubenstone.com, mdenton@lammrubenstone.com
H. Buswell Roberts   broberts@slk-law.com, droberts@slk-law.com
Jeremy William Ryan   jryan@potteranderson.com, bankruptcy@potteranderson.com
Maria Aprile Sawczuk   masa@stevenslee.com
John Henry Schanne   schannej@pepperlaw.com, wlbank@pepperlaw.com;lanoc@pepperlaw.com
John A. Sensing   jsensing@mnat.com
Joseph Emil Shickich   jshickich@riddellwilliams.com, ctracy@riddellwilliams.com
Christopher Page Simon   csimon@crosslaw.com
Christian J. Singewald   singewaldc@whiteandwilliams.com, debankruptcy@whiteandwilliams.com
William David Sullivan   bsullivan@sha-llc.com,

ECF@williamdsullivanllc.com;kdavis@sha-llc.com;hcoleman@sha-llc.com
Robert Szwajkos    rsz@curtinheefner.com, vjm@curtinheefner.com
Molly Campbell Taylor    mtaylor@babc.com
Albert Togut    lsheikh@teamtogut.com;echafetz@teamtogut.com
United States Trustee    USTPREGION03.WL.ECF@USDOJ.GOV
Joseph J. Vitale    jvitale@cwsny.com
Madeleine Carmel Wanslee    mwanslee@gustlaw.com, rms@gustlaw.com
Christopher A. Ward    cward@polsinelli.com, LSuprum@Polsinelli.com
Jeffrey R. Waxman    jwaxman@morrisjames.com, wweller@morrisjames.com;jdawson@morrisjames.com
Helen Elizabeth Weller    dallas.bankruptcy@publicans.com
Duane David Werb    maustria@werbsullivan.com;riorii@werbsullivan.com
Rory D. Whelehan    rwhelehan@wcsr.com, kpedersoli@wcrs.com
Stephanie Wickouski    stephanie.wickouski@dbr.com, kristin.going@dbr.com;daniel.northrop@dbr.com;gert.sofman@dbr.com
Joanne Bianco Wills    jwills@klehr.com
Jeffrey C. Wisler    jwisler@cblh.com
James S. Yoder    yoderj@whiteandwilliams.com, debankruptcy@whiteandwilliams.com
Deborah B. Zink    deborah.zink@andritz.com

*/s/ Jason A. Starks*
JASON A. STARKS