# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ABITIBIBOWATER, INC., *et al.*,[1]<br><br>               Reorganized Debtors. | Chapter 11<br><br>Case No.: 09-11296 (KJC)<br><br>(Jointly Administered) |
| THE CLAIMS AGENT FOR THE CHAPTER 11 ESTATES OF ABITIBIBOWATER, INC., *et al.*,<br><br>               Plaintiff,<br>   v.<br><br>HAMBURG SUD NORTH AMERICA, AND HAMBURG SUD NORTH AMERICA INC.,<br><br>               Defendants. | Adv. Proc. No.: [____] |

**COMPLAINT TO (A) AVOID TRANSFERS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(d), 547, 548 AND 549, AND (B) RECOVER PROPERTY TRANSFERRED PURSUANT TO BANKRUPTCY CODE SECTION 550**

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (N/A), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (N/A), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (9050), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (N/A), Bowater Canadian Forest Products Inc. (N/A), Bowater Canadian Holdings Incorporated (N/A), Bowater Canadian Limited (N/A), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (N/A), Bowater Maritimes Inc. (N/A), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0168), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913). On December 21, 2009, ABH LLC 1 (2280) and ABH Holding Company LLC (2398) (the "SPV Debtors") commenced chapter 11 cases, which cases are jointly administered with the above-captioned Reorganized Debtors.

The Claims Agent for the Chapter 11 Estates of AbitibiBowater, Inc., et al. (the "Claims Agent" or "Plaintiff"),[2] by and through its undersigned counsel, hereby files this complaint (the "Complaint") on behalf of the Debtors' estates against Hamburg Sud North America and Hamburg Sud North America Inc., (collectively, the "Defendants")[3] and, in support thereof, respectfully states:

## NATURE OF ACTION

1. Pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Claims Agent seeks the avoidance and recovery of $530,780.04 of transfers made by the Debtors to the Defendants from January 16, 2009 through April 15, 2009, which is the ninety-day period prior to the filing of the Debtors' bankruptcy petitions (the "Preference Period"). The Claims Agent conducted a thorough analysis of the transfers made by the Debtors to the Defendants during the Preference Period (the "Transfers") and determined that at least $530,780.04 of the Transfers are avoidable as preferential transfers.

2. Subject to proof, the Claims Agent also seeks (a) pursuant to section 548 of the Bankruptcy Code, the avoidance and recovery of any Transfers that may have been a fraudulent transfer, and (b) pursuant to section 549 of the Bankruptcy Code, the avoidance and recovery of any Post-Petition Transfers (as defined herein) that cleared the Debtors' bank account(s) post-petition.

3. The Transfers and Post-Petition Transfers, if any, received by the Defendants constitute transfers of property of the Debtors' estates. It is within the exclusive jurisdiction of

---

[2] Avidity Partners, LLC is the Claims Agent for the above-captioned reorganized debtors (the "Debtors" or "Reorganized Debtors").

[3] Based upon information presently available, the Claims Agent is unable to determine whether the Defendants are distinct legal entities. Accordingly, in accordance with the reservation of rights contained in paragraph 16 below, the Claims Agent reserves its right to amend this Complaint, including Exhibit A hereto, to reflect any additional information about the Defendants that may become known to the Claims Agent at any time during this adversary proceeding, through formal discovery or otherwise.

2

this Court to determine the amount of the Transfers and Post-Petition Transfers, if any, and the appropriate remedy to be imposed.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C § 1334(b) and 28 U.S.C. § 157(a).

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

6. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

7. The statutory predicates for the relief sought herein are sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, as supplemented by Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES

**A. Debtors**

8. On April 16, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[4] The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered and have been consolidated for procedural purposes only. During the Chapter 11 Cases, the Debtors continued to operate their businesses and manage their respective properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On November 23, 2010, the Debtors filed the *Debtors' Second Amended Joint Plan of Reorganization (As Amended), dated November 23, 2010* [Docket No. 3938] (the "Plan"). On November 23, 2010, the Court confirmed the Plan and entered its *Finding of Facts,*

---

[4] The Petition Date for ABH LLC 1 and ABH Holding Company LLC was December 21, 2009.

*Conclusion of Law, and Order Confirming the Debtors' Second Amended Joint Plan of Reorganization dated November 23, 2010 (As Amended)* [Docket No. 3940] (the "Confirmation Order").

10. On December 9, 2010 (the "Effective Date"), the Plan was consummated.

11. Pursuant to the Plan, creditors of the Debtors are impaired and will not be paid in full.

**B. Claims Agent**

12. Pursuant to Section 4.3 of the Plan and paragraph 159 of the Confirmation Order, on the Effective Date, the Claims Agent was appointed to serve as the agent for the Debtors' estates with respect to, among other things, evaluating, commencing, prosecuting, litigating and settling certain avoidance actions, pursuant to sections 544, 547, 548, 549 and 550 of the Bankruptcy Code, on behalf of the Debtors' estates, including without limitation, the causes of action asserted herein.

**C. Defendants**

13. Upon information and belief, the Defendants are corporations, partnerships, governmental units or individuals who submitted one or more invoices to the Debtors for goods provided or services rendered.

**BACKGROUND**

14. During the Preference Period, the Debtors made the Transfers to the Defendants in the aggregate amount of $530,780.04, as more fully set forth on the schedule attached hereto as Exhibit A and incorporated herein by reference thereto. Upon information and belief, all the Defendants received and/or benefitted from the Transfers.

15. All of the Transfers were made within 90 days of the Petition Date and therefore at a time during which the Debtors are presumed to be insolvent pursuant to section 547(f) of the Bankruptcy Code.

16. During the course of this proceeding, the Claims Agent may learn (through discovery or otherwise) of additional transfers made to the Defendants during the Preference Period. It is the intention of the Claims Agent to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors in property and to or for the benefit of the Defendants or any other transferee. The Claims Agent reserves its right to amend this original Complaint, including <u>Exhibit A</u>, to include: (i) further information regarding the Transfers, including but not limited to the identity of the transferor, (ii) additional transfers, (iii) modifications of and/or revision to Defendants' names, (iv) additional defendants, and/or (v) additional causes of action (the "<u>Amendments</u>") that may become known to the Claims Agent at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## **FIRST CAUSE OF ACTION**
**(Claim to Avoid Preferential Transfers Pursuant to Bankruptcy Code Section 547)**

17. The Claims Agent repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

18. The Debtors made the Transfers, or caused the Transfers to be made, to the Defendants on or within ninety days prior to the Petition Date.

19. The Transfers were transfers of an interest of one or more of the Debtors in property.

20. At the time of the Transfers, the Defendants were creditors of one or more of the Debtors.

21. The Transfers were made for or on account of antecedent debts owed to the Defendants by one or more of the Debtors before such Transfers were made.

22. At the time of the Transfers, the Debtors were insolvent.[5]

23. The Transfers enabled the Defendants to receive more than the Defendants would receive if: (i) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendants received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

24. The Transfers are avoidable as preferences pursuant to section 547 of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
**(Claim to Avoid Fraudulent Transfers Pursuant to Bankruptcy Code Section 548)**

25. The Claims Agent repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

26. Subject to proof, the Claims Agent pleads in the alternative that to the extent one or more of the Transfers were not made on account of an antecedent debt or a prepayment for goods and/or services subsequently received, one or more of the Debtors received less than reasonably equivalent value in exchange for such Transfer(s); and

    a. Such Transfer(s) constitute transfers of an interest of one or more of the Debtors in property to or for the benefit of the Defendants within 2 years before the Petition Date; and

    b. One or more of the Debtors (i) were insolvent on the date of that such Transfer(s) were made or became insolvent as a result of such Transfer(s); (ii) was engaged in the business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or (iii) intended to incur, or

---

[5] All of the Transfers occurred during the ninety (90) day period prior to the Petition Date. Accordingly, the Debtors are presumed to be insolvent during that time. *See* 11 U.S.C. §547(f).

6

believed it would incur, debts that would be beyond the Debtors ability to pay as such debts matured.

27. Such Transfer(s) are avoidable as fraudulent transfers pursuant to section 548 of the Bankruptcy Code.

## THIRD CAUSE OF ACTION
**(Claim to Recover Post-Petition Transfers Pursuant to Bankruptcy Code Section 549)**

28. The Claims Agent repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

29. Subject to proof, the Claims Agent pleads in the alternative that to the extent any of the Transfers made by one or more of the Debtors to the Defendants were transfers of an interest of the Debtors' property that cleared the Debtors' bank account(s) after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfer(s) were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, the Post-Petition Transfers are avoidable pursuant to section 549 of the Bankruptcy Code.

## FOURTH CAUSE OF ACTION
**(Claim to Recover Property Pursuant to Bankruptcy Code Section 550)**

30. The Claims Agent repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

31. Pursuant to section 550 of the Bankruptcy Code, to the extent that a transfer is avoided under sections 547, 548 or 549 of the Bankruptcy Code, the Claims Agent may recover, for the benefit of the Debtors' estates, the transfer, or if the Court so orders, the value of such property, from (i) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (ii) any immediate or mediate transferee of such initial transferee.

32. The Claims Agent is entitled to avoid each Transfer and Post-Petition Transfer, if any (the "Avoided Transfers"), pursuant to sections 547, 548 or 549 of the Bankruptcy Code and

7

the Defendants are the initial, immediate or mediate transferees with respect to such Avoided Transfers within the meaning of section 550.

33. By reason of the foregoing, the Claims Agent is entitled to recover the Avoided Transfers, or the value of such Avoided Transfers on behalf of the Debtors' estates, if the Court so orders, pursuant to section 550.

**FIFTH CAUSE OF ACTION**
**(Disallowance of a Claim Against Debtors Pursuant to Bankruptcy Code Sections 502(d) and (j))**

34. The Claims Agent repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

35. The Defendants are entities from which property is recoverable under section 550 of the Bankruptcy Code and are transferees of transfers avoidable under section 547, 548 or 549 of the Bankruptcy Code.

36. Pursuant to section 502(d) of the Bankruptcy Code, any claims of the Defendants against the Debtors must be disallowed until such time as the Defendants pay to the Claims Agent, for the benefit of the Debtors' estates, an amount equal to the aggregate amount of all the Transfers and Post-Petition Transfers, if any.

37. Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of the Defendants, and/or their assignees, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or Plaintiff must be reconsidered and disallowed until such time as the Defendants pay to Plaintiff an amount equal to the aggregate amount of the Avoided Transfers.

**SIXTH CAUSE OF ACTION**
**(Setoff and Recoupment)**

38. The Claims Agent repeats and re-alleges each of the allegations set forth above as if fully set forth herein.

39. Pursuant to general principles of set-off and recoupment, the Debtors may offset a debt owing by the Debtors to the Defendants by an amount equal to any debt owing by the Defendants to the Debtors.

40. To the extent that the Defendants assert any claim against the Debtors, such claim must be disallowed up to the value of the Avoided Transfers pursuant to general principles of set-off and recoupment.

**WHEREFORE**, for the foregoing reasons, the Claims Agent respectfully requests the following relief:

A. That the Transfers and Post-Petition Transfers be avoided;

B. That judgment be entered in favor of the Claims Agent and against the Defendants, in an amount equal to the Avoided Transfers, plus interest at the legal rate from the date of the Avoided Transfers, together with all costs of this action;

C. That any and all of the Defendants' claims against the Debtors be disallowed until the Transfers and Post-Petition Transfers, if any, are repaid to the Debtors pursuant to section 502(d) and/or section 502(j) of the Bankruptcy Code;

D. That judgment be entered pursuant to general principles of set-off and recoupment disallowing any claim of the Defendants against the Debtors up to the value of the Avoided Transfers; and

E. That the Claims Agent be granted such other and further relief as is just and proper.

Dated: April 8, 2011
Wilmington, Delaware

THE CLAIMS AGENT FOR THE CHAPTER 11
ESTATES OF ABITIBIBOWATER, INC., ET AL.

By:   BAYARD, P.A.

_/s/ GianClaudio Finizio_
Neil B. Glassman (No. 2087)
Jamie L. Edmonson (No. 4247)
GianClaudio Finizio (No. 4253)
Daniel A. O'Brien (No. 4897)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000

-and-

Luc A. Despins
Robert E. Winter
Bryan R. Kaplan
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700

*Co-Counsel to the Claims Agent for the
Chapter 11 Estates of AbitibiBowater, Inc., et al.*

**EXHIBIT A**

| TRANSFEROR[1] | TRANSFEREE[2] | DATE OF PAYMENT | AMOUNT OF PAYMENT |
|---|---|---|---|
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America | 1/27/2009 | $71,020.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America | 3/3/2009 | $89,984.12 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America | 3/20/2009 | $29,222.40 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America | 3/23/2009 | $62,679.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America | 3/31/2009 | $10,129.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America | 4/9/2009 | $4,711.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 2/2/2009 | $6,130.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 2/2/2009 | $6,130.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 2/2/2009 | $52,884.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 2/2/2009 | $5,876.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/19/2009 | $4,200.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/19/2009 | $8,289.00 |

---

[1] The Claims Agent reserves its right to amend the Complaint, including this Exhibit A, to include: (i) further information regarding the Transfers, including but not limited to the identity of the transferor, (ii) additional transfers, (iii) modifications of and/or revision to Defendants' name, (iv) additional defendants, and/or (v) additional causes of action (the "Amendments") that may become known to the Claims Agent at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

[2] Upon information and belief, all the Defendants received and/or benefitted from the Transfers.

| TRANSFEROR[1] | TRANSFEREE[2] | DATE OF PAYMENT | AMOUNT OF PAYMENT |
|---|---|---|---|
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/19/2009 | $5,679.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/19/2009 | $11,054.40 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $11,752.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $44,595.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $5,876.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $10,050.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $17,711.12 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $11,468.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/23/2009 | $51,211.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/31/2009 | $4,350.00 |
| Abitibi Consolidated Sales Corporation | Hamburg Sud North America Inc. | 3/31/2009 | $5,779.00 |
| | | **TOTAL:** | $530,780.04 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ABITIBIBOWATER, INC., *et al.*,<br><br>            Reorganized Debtors. | Chapter 11<br><br>Case No.: 09-11296 (KJC)<br><br>(Jointly Administered) |
| THE CLAIMS AGENT FOR THE CHAPTER 11 ESTATES OF ABITIBIBOWATER, INC., *et al.,*<br><br>            Plaintiff,<br>    v.<br><br>HAMBURG SUD NORTH AMERICA, AND HAMBURG SUD NORTH AMERICA INC.,<br><br>            Defendants. | Adv. Proc. No.: [_____] |

**NOTICE OF DISPUTE RESOLUTION ALTERNATIVES**

      As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

      There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services is often productive and effective in settling disputes. The purpose of this Notice is to furnish general information about ADR.

      The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral."

      In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In

the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

Dated: April 8, 2011

          */s/ David D. Bird*_____
          *Clerk of the Court*