## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABITIBIBOWATER INC., *et al.*, [1] | ) | Case No. 09-11296 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: May 18, 2011 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: May 25, 2011 at 10:00 a.m. (ET)** |

### MOTION OF REORGANIZED DEBTORS FOR ENTRY OF AN ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS

AbitibiBowater Inc. ("AbitibiBowater") and its affiliated reorganized debtors in

the above captioned cases (collectively, the "Reorganized Debtors," and prior to the Effective

Date (as defined below), the "Debtors") hereby move this Court pursuant to sections 105(a) and

502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),

Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") and Section 1.138 of the

*Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  AbitibiBowater Inc. (6415), AbitibiBowater US Holding 1 Corp. (N/A), AbitibiBowater US Holding LLC (N/A), AbitibiBowater Canada Inc. (N/A), Abitibi-Consolidated Alabama Corporation (4396), Abitibi-Consolidated Corporation (9050), Abitibi-Consolidated Finance LP (4528), Abitibi Consolidated Sales Corporation (7144), Alabama River Newsprint Company (7247), Augusta Woodlands, LLC (9050), Bowater Alabama LLC (7106), Bowater America Inc. (8645), Bowater Canada Finance Corporation (N/A), Bowater Canadian Forest Products Inc. (N/A), Bowater Canadian Holdings Incorporated (N/A), Bowater Canadian Limited (N/A), Bowater Finance Company Inc. (1715), Bowater Finance II LLC (7886), Bowater Incorporated (1803), Bowater LaHave Corporation (N/A), Bowater Maritimes Inc. (N/A), Bowater Newsprint South LLC (1947), Bowater Newsprint South Operations LLC (0168), Bowater Nuway Inc. (8073), Bowater Nuway Mid-States Inc. (8290), Bowater South American Holdings Incorporated (N/A), Bowater Ventures Inc. (8343), Catawba Property Holdings, LLC (N/A), Coosa Pines Golf Club Holdings LLC (8702), Donohue Corp. (9051), Lake Superior Forest Products Inc. (9305) and Tenex Data Inc. (5913).  On December 21, 2009, ABH LLC 1 (2280) and ABH Holding Company LLC (2398) (the "SPV Debtors") commenced Chapter 11 Cases, which cases are jointly administered with the above-captioned Debtors.  The Debtors' and SPV Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1155 Metcalfe Street, Suite 800, Montreal, Quebec H3B 5H2, Canada.

*Code* [Docket No. 3938] (the "Plan")[2] for entry of an order extending the current deadline by

which the Reorganized Debtors or Avidity Partners, LLC, as the Post-Effective Date Claims

Agent of the Reorganized Debtors (the "Claims Agent"), may file objections to Claims for ninety

(90) days, through and including September 6, 2011.  In support of this Motion, the Reorganized

Debtors respectfully represent as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

2.      The statutory bases for the relief requested herein are sections 105(a) and

502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9006, and Local Rule 9006-2.

## BACKGROUND

3.      On April 16, 2009 (the "Petition Date"), each of the Debtors—with the

exception of the SPV Debtors—filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code.  On December 21, 2009, the SPV Debtors commenced their Chapter 11 Cases.

4.      On April 28, 2009, the Office of the United States Trustee for the District

of Delaware appointed an official committee of unsecured creditors (the "Committee") in these

Chapter 11 Cases.  No trustee or examiner has been appointed.

5.      On August 2, 2010, the Debtors filed the *Debtors' Second Amended Joint*

*Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan") as well as the

*Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under*

*Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

6.     On August 3, 2010, the Court entered an order approving the Disclosure Statement and scheduling a hearing to consider confirmation of the Plan for September 24, 2010 at 10:00 a.m. (ET), which was continued for several dates thereafter (the "Confirmation Hearing").  On November 22, 2010, the Court rendered an *Opinion on Confirmation* [Docket No. 3931] confirming the Plan, and on November 23, 2010, the Court entered its *Finding of Facts, Conclusions of Law and Order Confirming Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (As Amended)* (the "Confirmation Order") [Docket No. 3940].  The Plan went effective on December 9, 2010 (the "Effective Date").

7.     Pursuant to Section 4.3 of the Plan and paragraph 159 of the Confirmation Order, the Claims Agent is the party responsible for resolving disputed claims in the amount of $75,000 or more, and the Reorganized Debtors are responsible for resolving other disputed claims identified through the claims reconciliation process.

## CLAIM OBJECTION DEADLINE ESTABLISHED BY PLAN

8.     Pursuant to Sections 1.138 and 4.2 of the Plan, the Debtors, Reorganized Debtors and the Claims Agent (collectively, the "Objecting Parties") were provided 180 days from the Effective Date to file objections to any Claim that was not an Allowed Claim as of the Effective Date.  Accordingly,  the Objecting Parties currently have until June 7, 2011 (the "Claims Objection Deadline")[3] to object to Claims.

## RELIEF REQUESTED

9.     By this Motion, the Reorganized Debtors seek entry of an order extending the Claims Objection Deadline for an additional ninety (90) days through and including

---

[3]     Pursuant to Rule 9006-2 of the Local Rules, the filing of this Motion shall automatically extend the Claims Objection Deadline until the court acts on the Motion, without the necessity for the entry of a bridge order.

September 6, 2011.[4] The Reorganized Debtors further request that the extension proposed herein

be granted without prejudice to their right to seek further extensions of the Claims Objection

Deadline on behalf of the Objecting Parties.

## BASIS FOR RELIEF REQUESTED

10.     Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts

have broad equitable powers to "issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions" of the Bankruptcy Code. See 11 U.S.C. § 105(a).

Additionally, the Court is not precluded from "taking any action or making any determination

necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of

process." Id.

11.     Moreover, Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given
> thereunder or by order of court, the court for cause shown
> may at any time in its discretion (1) with or without motion
> or notice order the period enlarged if the request therefor is
> made before the expiration of the period originally
> prescribed or as extended by previous order ....

Fed. R. Bankr. P. 9006(b)(1). Pursuant to Section 1.138 of the Plan, the Reorganized Debtors

may seek to extend the Claims Objection Deadline upon motion to this Court.

12.     The Reorganized Debtors submit that cause exists to extend the Claims

Objection Deadline to allow the Objecting Parties additional time to reconcile Claims and

prosecute claim objections against creditors holding disputed claims.  Although the Reorganized

Debtors and the Claims Agent have made substantial progress in reconciling the Claims filed in

these chapter 11 cases, extending the Claims Objection Deadline is necessary and in the best

---

[4]    As the ninetieth day after the Claims Objection Deadline falls on Labor Day, a federal holiday, the Reorganized
Debtors hereby request an extension through and including the first following business day, September 6, 2011.

interests of the Debtors' estates and their creditors because the Objecting Parties will not have fully reconciled all Claims prior to expiration of the Claims Objection Deadline.

13.     The Debtors or the Reorganized Debtors have filed thirty-one (31) omnibus claim objections as of the date hereof, including three omnibus claim objections which were filed jointly with the Claims Agent, and the Court has entered orders related to twenty-eight of those objections.[5]  The Debtors also filed a comprehensive objection [Docket No. 3374] to a significant claim filed by the Levin Group in the amount of $88 million, and such objection is currently being prosecuted by the Claims Agent.  Further, on September 13, 2010, Bowater Incorporated ("Bowater") filed an objection [Docket No. 3217] to a significant contribution claim now being asserted against Bowater by the Canadian bankruptcy trustee of Bowater Canada Finance Corporation ("BCFC") under Section 135 of the Companies Act (Nova Scotia) or, in the alternative, a guarantee claim filed on behalf of BCFC's noteholders.[6]

14.     Since the Effective Date, the Objecting Parties, respectively, have worked diligently to review and reconcile outstanding and unresolved claims in an effort to prepare thorough and accurate claim objections, and ultimately, to make final distributions.  At this time, however, the Objecting Parties have not completed the task of ensuring that all Claims are allowed in the correct amount, priority and classification.  Accordingly, the Objecting Parties need, and the Reorganized Debtors hereby request, additional time to complete the claims reconciliation process.

15.     An extension of the Claims Objection Deadline is necessary to allow the Objecting Parties sufficient time to finish their evaluation of all outstanding Claims and to ensure the efficient and accurate completion of this process.  The Reorganized Debtors further submit

---

[5]     Three omnibus claim objections are scheduled to be heard at the May 25, 2011 omnibus hearing.
[6]     The claims which are the subject of this objection were assigned to mediation before the Honorable Brendan L. Shannon by Stipulated Order dated March 15, 2011 [Docket No. 4392].

that the extension requested in this Motion is not sought for the purposes of delay and is in the

best interests of the estates' creditors and all parties in interest.

16.     Moreover, by extending the Claims Objection Deadline, the Reorganized

Debtors simply seek to ensure that the proofs of claim filed in these chapter 11 cases are

reconciled completely and accurately in accordance with the Debtors' books and records and

applicable law.  A complete reconciliation will prevent creditors from potentially receiving an

unwarranted recovery to the detriment of other creditors.  Therefore, extending the Claims

Objection Deadline will not prejudice any of the Debtors' creditors and will preserve the rights

of the Objecting Parties to object to Claims so as to maximize recovery to appropriate creditors.

## RESERVATION OF RIGHTS

17.     The Reorganized Debtors, on behalf of the Objecting Parties, reserve their

right to seek further extensions of the Claims Objection Deadline.

## NOTICE

18.     Notice of the Motion has been provided to: (a) the Office of the United

States Trustee; (b) counsel to the agents for the Debtors' prepetition secured bank facilities;

(c) counsel to the agent for the Debtors' postpetition lenders; (d) counsel to the agent for the

Debtors' securitization facility; (e) the Monitor appointed in the Canadian Proceeding; and

(f) those parties entitled to notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure, in accordance with Rule 2002-1(B) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware.  In light of the

nature of the relief requested, the Reorganized Debtors submit that no further notice need be

given.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other and further relief as the Court deems necessary and appropriate.

Dated: Wilmington, Delaware
      May 6, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

   */s/ Andrew L. Magaziner*
Pauline K. Morgan (No. 3650)
Sean T. Greecher (No. 4484)
Andrew L. Magaziner (No. 5426)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

- and -

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Kelley A. Cornish
Claudia R. Tobler
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel for the Reorganized Debtors*